IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: JOSEPH MARCUS JESSOP and JAMIE LYN JESSOP,<br><br>Debtors, | MEMORANDUM DECISION AND ORDER ADOPTING BANKRUPTCY JUDGE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND REPORT AND RECOMMENDATION AND TRANSFERRING VENUE TO THE DISTRICT OF ARIZONA<br><br>Case No. 2:09-CV-90 TS<br><br>Bankruptcy No. 08-26155 WTT |

Pursuant to Fed. R. Bankr. P. 9033, on January 15, 2009, the Bankruptcy Judge filed proposed Findings of Facts and Conclusions of Law and Report and

1

Recommendation (Proposed Findings and Conclusions) on the United States Trustee's Motion to Dismiss or to Transfer Venue of the bankruptcy case.[1]

The United States Trustee moved to dismiss or to transfer venue because the debtors Joseph Marcus and Jamie Lyn Jessop (Jessops) filed this case in Utah when they had allegedly been living in Arizona for the ten months prior to filing.  The Jessops agreed that they were living in Arizona for the ten months prior to the filing.[2] The Jessops sought to have venue transferred rather than the case dismissed for improper venue.

After hearing the parties, the Bankruptcy Judge found as follows: (1) the Jessops lived in Arizona for the ten months prior to their filing of the present bankruptcy case; (2) venue of their bankruptcy case was therefore improper under 28 U.S.C. § 1408; (3) there was no discretion to retain the bankruptcy case in an improper venue; and (4) it would be in the interest of justice and the convenience of the parties to transfer the case to the bankruptcy court in Arizona.  Accordingly, the Bankruptcy Judge recommends that the "case not be dismissed but rather that [this court] enter an order transferring venue of [the bankruptcy case] to the district of Arizona in the interest of justice and for the convenience of the parties."[3]

Under Fed. R. Bank. P. 9033(b) the parties had ten days from service with the order in which to file objections to the proposed Findings and Conclusions.  The parties were

---

[1] Docket No. 1.

[2] Docket No. 1-3 (Bankruptcy Docket No. 27), at 2 ¶ 5.

[3] *Id*. at 3 ¶ 6.

served with the order on January 18, 2009[4] and the time for filing objections has now run. No objections have been filed.

Under 28 U.S.C. § 157(c)(1), after the bankruptcy judge has submitted the proposed findings and conclusions, this court shall enter final order or judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

The standard of review is further explained in Fed. R. Bankr. P. 9033(d): "The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions."

The Court has conducted a de novo review of the entire record. The Bankruptcy Judge's findings and conclusions are fully supported by the record, including the Jessops own filing. Because the Jessops, by their own admission, did not live in Utah for any part 180 days period prior to their filing, the Bankruptcy Judge correctly found that venue of their bankruptcy case was not proper in Utah.[5]

---

[4]Bankruptcy Docket No. 28 (certificate of service).

[5]28 U.S.C. § 1408(1) (proving venue is proper in the district in which the domicile or residence of the persons for either the180 days prior to filing, or the greater part of the 180 days prior to filing).

Section 1412 of the United States Code provides that this Court "may transfer a case . . . under [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(2) provides that where a case such as the present case is filed in an improper district, after notice and a hearing, the case may be dismissed or transferred "to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."

The Bankruptcy Judge's determination that transfer of venue would be in the interest of justice and convenience of the parties is fully supported by the record. The Jessops themselves seek such transfer.

Based on the foregoing, the Court fully agrees with the Bankruptcy Judge's proposed Findings and Conclusions and finds that transfer of venue will be in the interest of justice and for the convenience of the parties.   It is therefore

ORDERED that the Bankruptcy Judge's Findings of Fact and Conclusions of Law and Report and Recommendation to the District Court are ADOPTED IN FULL.  It is further

ORDERED that the United States' Trustee's Motion to Dismiss is DENIED.  It is further

ORDERED that the United States Trustee's Motion to Transfer Venue and the debtors's request to transfer venue are GRANTED and Bankruptcy Case No. 08-26155 WTT shall be transferred to the District of Arizona.

The clerk of court is directed to close this case.

DATED  February 13, 2009.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge